IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 OCT 26 PM 3:50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| WILLIAM TERRY, | X X X | |
| Petitioner, | X X | |
| vs. | X X | No. 04-3020-B/P |
| DAVID MILLS, | X X | |
| Respondent. | X X X | |

ORDER DENYING RESPONDENT'S MOTION TO DISMISS
ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF
APRIL 12, 2005 ORDER
AND
SECOND ORDER DIRECTING RESPONDENT TO FILE RECORD AND RESPOND

Petitioner William Terry, Tennessee Department of Correction prisoner number 124893, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a <u>pro se</u> petition pursuant to 28 U.S.C. § 2254 on December 14, 2004 and paid the habeas filing fee. The Court issued an order on April 12, 2005 directing the respondent to file the state-court record and respond to the petition. On April 25, 2005, respondent filed a motion to dismiss the petition as time barred, along with portions of the state-court record and a motion for reconsideration with respect to that aspect of the April 12, 2005 order directing him to file the entire state-court record.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-27-05

(6)

I.  <u>STATE COURT PROCEDURAL HISTORY</u>

On December 4, 2001, pursuant to a negotiated plea agreement, Terry entered a guilty plea in the Shelby County Criminal Court to aggravated sexual battery and was sentenced to nine (9) years imprisonment. Terry did not take a direct appeal.

On or about July 11, 2002, Terry signed a <u>pro se</u> petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -124, which was filed in the Shelby County Criminal Court on July 23, 2002.[1] As later amended, the petition alleged that Terry's trial counsel provided ineffective assistance during the negotiation and entry of his plea of guilty and that his plea was unknowing and involuntary. The postconviction court conducted an evidentiary hearing and, thereafter, dismissed the petition on the merits. The Tennessee Court of Criminal Appeals affirmed. <u>Terry v. State</u>, No. W2003-00218-CCA-R3-PC (Tenn. Crim. App. Dec. 17, 2004), <u>perm. app. denied</u> (Tenn. Mar. 22, 2005).

II.  <u>PETITIONER'S FEDERAL HABEAS CLAIMS</u>

In this federal habeas petition, Terry contends that his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, in connection with the negotiation and entry of his guilty plea.

---

[1] This statute was replaced by a new Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in 1995. In 2003, the new Post-Conviction Procedure Act was reenacted at Tenn. Code Ann. §§ 40-30-101 <u>et seq.</u> without altering its substance.

2

III. <u>ANALYSIS OF THE MERITS</u>

Respondent has filed a motion to dismiss the petition on the ground that it is untimely. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioners whose convictions became final before the effective date of § 2244(d) on April 24, 1996 had a one-year grace period, until April 24, 1997, to seek federal habeas relief. <u>Brown v.</u>

3

O'Dea, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds, 530 U.S. 1257 (2000).

Application of these provisions in this case is fairly straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). Terry did not take a direct appeal, so his conviction became final no later than the expiration of the time for taking a direct appeal. See Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004) (§ 2255 motion); see also United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"). In Tennessee, with certain exceptions that are not applicable here, a notice of appeal must be filed within thirty days of the entry of judgment. Tenn. R. App. P. 4(a). In this case, judgment was entered on December 4, 2001, and Terry's conviction became final on January 3, 2002, at which time the running of the limitations period commenced.[2]

---

[2] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Terry's petition reveals no basis for concluding that the
(continued...)

4

Pursuant to 28 U.S.C. § 2244(d)(2), the running of the limitations period was tolled while the postconviction petition was pending in state court. The record before the Court does not demonstrate the precise date on which the petition was filed. In his motion, respondent asserts that the petition was filed on July 23, 2002, but that assertion is not supported by record evidence. Petitioner has submitted a copy of the postconviction petition, which was purportedly signed by Terry on July 11, 2002.[3] Pursuant to Tennessee law,

> [i]f papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. Sup. Ct. R. 28, § 2(G). Assuming, for purposes of this motion, that the postconviction petition was filed, within the meaning of this rule, on the date on which it was signed, one hundred eighty-nine (189) days of the one-year limitations period had expired by that time.[4]

---

[2] (...continued)
limitations period commenced at any time later than the date on which his conviction became final.

[3] The petition bears a date stamp indicating it was received by the Attorney General's Office on August 16, 2002, but that fact is irrelevant to the timeliness of this petition.

[4] Respondent's motion to dismiss does not cite, or otherwise refer to, Tennessee's version of this "mailbox rule." The rule also provides that, "[s]hould timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision." Id. However, that language only governs the timeliness of state postconviction petitions. Because
(continued...)

5

The Tennessee Court of Criminal Appeals affirmed the dismissal of the postconviction petition on December 17, 2004, and the Tennessee Supreme Court denied permission to appeal on March 22, 2005. The running of the limitations period recommenced at the expiration of the time for filing a petition for a writ of certiorari concerning the postconviction petition, on June 21, 2004. Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), cert. denied, 541 U.S. 1070 (2004).[5] Only one hundred seventy-six (176) days of the limitations period remained at the time. Terry's petition was signed on December 13, 2004, one hundred seventy-four (174) days after the running of the limitations period recommenced, and it was received by the Clerk of this Court on December 14, 2004.[6] It appears likely, therefore, that the petition is timely.

As respondent has failed to make a prima facie showing that the petition is untimely, his motion to dismiss is DENIED.

Because it is necessary to address the merits of the petition, respondent's motion for reconsideration of the April 12, 2005 order directing him to file the complete state-court record is

---

[4] (...continued)
the statute of limitations is an affirmative defense to a § 2254 petition, Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002), and, therefore, respondent has the burden of proof to establish it, see, e.g., Fonseca v. Consolidated Rail Corp., 246 F.3d 585, 590-91 (6th Cir. 2001).

[5] Respondent calculates the last day for filing a petition for a writ of certiorari as June 20, 2004. As that date fell on a Sunday, the last day for filing a timely petition was Monday, June 21, 2004. Sup. Ct. R. 30.1.

[6] The Sixth Circuit has held that a petition is deemed filed on the date on which it was signed. Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion).

6

DENIED. Respondent is ORDERED to file the complete state-court record and a supplemental response to the petition within twenty-three days of the date of entry of this order.

IT IS SO ORDERED this 24th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:04-CV-03020 was distributed by fax, mail, or direct printing on October 27, 2005 to the parties listed.

---

William Terry
WEST TENNESSEE STATE PENITENTIARY
00124893
P.O. Box 1150
Henning, TN 38041

Mark A. Fulks
ATTORNEY GENERAL'S OFFICE (NashvilleCr)
P.O. Box 20207
Nashville, TN 37202

Honorable J. Breen
US DISTRICT COURT